UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **JULIE A. SU**, Acting Secretary of Labor, United States Department of Labor, <br><br> Petitioner, <br><br> v. <br><br> **FORGE INDUSTRIAL STAFFING, INC.**, <br><br> Respondent. | Case Number: <br><br> U.S. District Judge: <br><br> Magistrate Judge: |

**SECRETARY OF LABOR'S PETITION TO ENFORCE
ADMINISTRATIVE SUBPOENAS *DUCES TECUM***

Petitioner **JULIE A. SU**, Acting Secretary of Labor, United States Department of Labor ("Secretary"), through the undersigned counsel and pursuant to Section 9 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.*, ("FLSA" or "Act"), applies to this Court for an Order requiring **FORGE INDUSTRIAL STAFFING, INC.** ("Respondent") to show cause, if any, for why it failed to produce documents completely as set forth in the subpoena *duces tecum* issued by the Regional Administrator, Wage and Hour Division, United States Department of Labor, and duly served upon Respondent.

**I**

Jurisdiction to issue the Order requested herein is conferred upon this Court by Section 9 of the Act, 29 U.S.C. § 209, and by Sections 9 and 10 of the Federal Trade Commission Act of 1914, as amended (15 U.S.C. §§ 49, 50) ("FTC Act").

**II**

Section 11 of the FLSA authorizes the Secretary to investigate and gather data regarding "conditions and practices of employment in any industry subject to this chapter . . . as necessary or appropriate to determine whether any person has violated any provision of this chapter, or which

may aid in the enforcement of the provisions of this chapter." 29 U.S.C. § 211.  Section 9 of the FLSA further provides that sections 9 and 10 of the FTC Act (15 U.S.C. §§ 49, 50), relating to the attendance of witnesses and the production of books, papers, and documents, are applicable to the Secretary for purposes of investigations under the FLSA.  29 U.S.C. § 209.  Section 9 of the FTC Act provides that authorized agents shall have access to documentary evidence of "any person, partnership, or corporation being investigated or proceeded against; and the Commission shall have power to require by subpoena the attendance and testimony of witnesses and the production of all such documentary evidence relating to any matter under investigation."  15 U.S.C. § 49.

### III

Michael Lazzeri is the Regional Administrator of the Midwest Regional Office of the Wage and Hour Division, United States Department of Labor ("Regional Administrator Lazzeri"), who, among others, was delegated the authority by the Secretary to issue administrative subpoenas under the Act.  Secretary's Order 01-2014, § 5.C., 79 Fed. Reg. 77,527, 77,528 (Dec. 19, 2014).

### IV

Forge, at all times referred to herein, is and was a for-profit Michigan corporation with an office and a place of business at 5011 28th Street SE, Grand Rapids, Michigan 49512, which is in Kent County and within the jurisdiction of this Court.

### V

In order to conduct a thorough investigation into the wages, hours, and other conditions and practices of employment, pursuant to section 11 of the FLSA, Wage and Hour investigators regularly review, copy and/or transcribe information from employers' records including, but not limited to, payroll records and records of hours worked; question and interview employers and employees; and collect and review other relevant data relating to compliance by employers under

the Act.

## VI

Pursuant to the power vested in him as Regional Administrator of the Wage and Hour Division, United States Department of Labor, Regional Administrator Lazzeri signed and issued two subpoenas *duces tecum* with deadlines of March 28, 2023, at 10:00 a.m., requiring Respondent to provide documents listed on the Attachments to the subpoenas *duces tecum* concerning matters within the scope of an investigation being conducted pursuant to the FLSA, 29 U.S.C. § 211. One subpoena was directed at Respondent's operations in Michigan ("Michigan Subpoena"). *See* Ex. 1 to attached Declaration of Justin Uphold. The other subpoena was directed at Respondent's operations in Indiana ("Indiana Subpoena"). *See* Ex. 1 to attached Declaration of Fernando Hernandez.

## VII

On March 21, 2023, Acting District Director Fernando Hernandez of the United States Department of Labor, Wage and Hour Division, served the Indiana Subpoena by e-mailing it to Respondent's counsel, who agreed to accept service of said subpoena. *See* Ex 2 to Hernandez Declaration. Also on March 21, 2023, Planning and Reporting Officer Justin Uphold of the United States Department of Labor, Wage and Hour Division, served the Michigan Subpoena by e-mailing it to Respondent's counsel, who agreed to accept service of said subpoena. *See* Ex. 2 to Uphold Declaration. While Respondent provided some responsive documents, Respondent refused to provide documents responsive to requests 22 and 23 of the Michigan and Indiana Subpoenas, which seek a complete listing of all client's names and addresses of the facilities for which Forge Industrial Staffing provides labor on a day laborer, temporary labor, contract or permanent labor basis and a copy of all client contracts between Forge Industrial Staffing and

employers utilizing its services to provide labor on a day laborer, temporary labor, contract or permanent labor basis. *See* Hernandez Declaration, at ¶¶ 8-9; Uphold Declaration, at ¶ 8.

## VIII

Respondent has failed to respond to all information sought in the Michigan and Indiana Subpoenas, and this failure has impeded and continues to impede the Secretary's lawful investigation under the provisions of section 11 of the FLSA.

## PRAYER FOR RELIEF

**WHEREFORE**, the Secretary respectfully requests this Court issue an Order:

A. Requiring Respondent to inform the Secretary and the Court that it will fully comply with the Secretary's subpoenas *duces tecum* within 10 days of the date of the Order or show cause, if any, for its failure to comply with and obey the Secretary's subpoenas *duces tecum*;

B. Tolling the statute of limitations from March 28, 2023, the date Respondent failed to comply with the Secretary's subpoenas *duces tecum*, until such date as the Secretary informs the Court that Respondent has complied in full;

C. Requiring Respondent to provide the subpoenaed documents no more than 15 days after the issuance of the Order;

D. Directing Respondent to pay all costs, expenses, and fees incurred by the Secretary in this matter, including:

   1. The market rate for the time the Secretary spent preparing this Petition; and,

   2. Travel costs of the Secretary in enforcing this Petition.

E. And for such other just and further relief as may be necessary and appropriate.

Respectfully submitted,

**SEEMA NANDA**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

**LEAH A. WILLIAMS**
Associate Regional Solicitor

*/s/ Kenneth M. Rock*
**KENNETH M. ROCK**
Trial Attorney

Attorney for Petitioner,
Julie A. Su**,** Acting Secretary of Labor
U.S. Department of Labor
Office of the Solicitor
881 Federal Office Building
1240 East Ninth Street
Cleveland, Ohio 44199
Telephone: (216) 357-5392
Fax: (216) 522-7172
E-mail: rock.kenneth.m@dol.gov

**LOCAL COUNSEL:**

MARK A. TOTTEN
United States Attorney

s/ *Ryan D. Cobb*
RYAN D. COBB (P64773)
Assistant United States Attorney
Post Office Box 208
Grand Rapids, Michigan 49501-0208
(616) 456-2404
Ryan.Cobb@usdoj.gov