# Exhibit A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **JULIE A. SU**, Acting Secretary of Labor, United States Department of Labor, )<br><br>Petitioner, )<br><br>v. )<br><br>**FORGE INDUSTRIAL STAFFING, INC.**, )<br><br>Respondent. ) | Case Number:<br><br>Judge:<br><br>Magistrate Judge: |

# DECLARATION OF JUSTIN UPHOLD

I, Justin Uphold, declare under penalty of perjury that the following facts are true and correct to the best of my information and belief:

1. I am an employee of the Wage and Hour Division, United States Department of Labor ("Wage and Hour"), where I work as the Planning and Reporting Coordinator for the Midwest Regional Office ("Regional Office"). I am over 18 years of age and have personal knowledge of the facts and circumstances stated herein.

2. On March 21, 2023, Wage and Hour initiated an investigation of Forge Industrial Staffing, Inc. ("Forge").

3. The investigation is to determine whether Forge is covered by the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. (hereinafter "the Act" or "FLSA") and whether Forge is complying with the provisions of the Act.

4. Forge's principal place of business is located at 5011 28th Street SE, Grand Rapids, Michigan 49512. It conducts business as a for-profit corporation.

5. Forge provides staffing services to industrial companies in several states.

6.	On March 21, 2023, I served a subpoena *duces tecum* on Kimberly Clarke, Forge's attorney, who agreed to accept service of the subpoena on Forge's behalf. That subpoena was directed at, and sought information regarding, Forge's business operations in the state of Michigan. A true and accurate copy of the subpoena is attached to this Declaration as Exhibit 1 ("Michigan Subpoena"). A true and accurate copy of the return of service of this subpoena is attached as Exhibit 2.

7.	Pursuant to the Michigan Subpoena, Forge was required to produce all documents listed and described in the attachment by March 28, 2023, at 10:00 a.m.

8.	To date, Wage and Hour has not received a full response to the Michigan Subpoena. Specifically, Wage and Hour has not received documents responsive to Requests 22 and 23 of the Michigan Subpoena, which requested (1) a complete listing of all client's names and addresses of the facilities for which Forge Industrial Staffing provides labor on a day laborer, temporary labor, contract or permanent labor basis, and (2) a copy of all client contracts between Forge Industrial Staffing and employer utilizing its services to provide labor on a day laborer, temporary labor, contract or permanent labor basis, respectively. (Ex. 1, at 4).

9.	As Forge is a staffing agency, its employees work at different facilities operated by Forge clients. Wage and Hour needs the information referenced above to identify Forge employee's work locations in order to visit said locations and attempt to interview employees to determine whether Forge is in compliance with the FLSA. Moreover, Forge's clients are also likely subject to the FLSA, and potential joint employers, and information regarding their identities is relevant to Wage and Hour's investigation of FLSA compliance with respect to those companies. Forge's refusal to provide the information is actively interfering with Wage and Hour's investigation.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

_____
Justin Uphold
Planning and Reporting Coordinator
U.S. Department of Labor
Wage and Hour Division
Midwest Regional Office
230 South Dearborn Street, Room 530
Chicago, IL 60604

# Exhibit 1

# UNITED STATES OF AMERICA
## DEPARTMENT OF LABOR
## WAGE AND HOUR DIVISION

**SUBPOENA DUCES TECUM**

To: Forge Industrial Staffing, Inc.
 5011 28th SE Grand
 Grand Rapids, MI 49512

Pursuant to the Fair Labor Standards Act, 29 U.S.C §§ 209 and 211, you are hereby required to provide to Fernando Hernandez, Acting District Director, WAGE AND HOUR DIVISION, INDIANAPOLIS DISTRICT OFFICE, UNITED STATES DEPARTMENT OF LABOR, or her designee/representative, all books, papers, and other documents, as specifically described in the Attachment, by presenting such documents electronically to Acting District Director via e-mail at Hernandez.Fernando@dol.gov or by contacting Acting District Director Hernandez to arrange for an in-person delivery to the Grand Rapids District Office located at 800 Monroe Ave. NW, Suite 315, Grand Rapids, MI 49503 on or before March 28, 2023 at 10:00 a.m.

FAIL NOT AT YOUR PERIL



IN TESTIMONY WHEREOF I have hereunto affixed my signature and the seal of the UNITED STATES DEPARTMENT OF LABOR at Chicago, Illinois this 21ʰ day of March 2023.

MICHAEL LAZZERI  Digitally signed by MICHAEL LAZZERI
 Date: 2023.03.20 16:41:56 -05'00'

_____
MICHAEL LAZZERI, REGIONAL ADMINISTRATOR
WAGE AND HOUR DIVISION
UNITED STATES DEPARTMENT OF LABOR

## ATTACHMENT to SUBPOENA

Forge Industrial Staffing, Inc.

A.     **DEFINITIONS AND INSTRUCTIONS**

    1.     "Forge Industrial Staffing" means Forge Industrial Staffing, Inc., including its current and former officers, directors, employees, attorneys, representatives, agents, assigns, subsidiaries, and any predecessor or successor entities.

    2.     "Document" or "documents" shall mean all writings and recordings within the meaning of Rules 1001(a) and (b) of the Federal Rules of Evidence (i.e., "letters, words, or numbers, or their equivalent set down in any form" and "letters, words, or numbers, or their equivalent recorded in any manner"), however produced or reproduced, of every kind or description in Forge Industrial Staffing's possession, custody, or control, or within the custody or control of any agent, employee representative or other persons acting or purporting to act for or on behalf of Forge Industrial Staffing, including notes; memoranda; records, reports, correspondence; telefaxes and faxes; agreements or contracts; accounting or financial records or worksheets; account books; journals; ledgers; bills; receipts; vouchers; transcripts or notes of conversations or meetings; minutes of meetings; statements; tabulations; text messages; instant message or messages from other electronic messaging software or applications; and all draft copies of such documents containing additional marks or notations not found on the originals.

    3.     "Person" is defined by 29 U.S.C. § 203(a) as: "an individual, partnership, association, corporation, business trust, legal representative, or any organized group of persons."

    4.     "Relating to" or "reflecting," means stating, constituting, referring to, pertaining to, responding to, regarding, evidencing, explaining, discussing, depicting, analyzing, or containing any information which in any way concerns, affects, or describes the terms or conditions, or identifies facts, with respect to the subject of the inquiry.

    5.     "Worker" or "workers" includes individuals contracted, employed, hired, utilized, or retained by and/or who worked for Forge Industrial Staffing.

    6.     The terms "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the documents required by this subpoena inclusive rather than exclusive.

    7.     "Including" shall be construed to mean "without limitation."

    8.     Unless otherwise specified, the time period covered by this subpoena is from March 21, 2020, to the date of production. Documents created prior to March 21, 2020, which have been used or relied on since March 21, 2020, or which describe legal duties which remain in effect after March 21, 2020 (such as contracts and trust agreements), shall be considered as included within the time period covered by this subpoena.

    9.     If any document required to be produced pursuant to this subpoena is withheld because of a claim of privilege, identify with respect each such document the:

    a. Specific privilege being asserted;
    b. Nature of the document;
    c. Author of the document and the date of preparation;
    d. Recipients of the document or copies thereof; and
    e. Subject matter of the document.

 10. If any document required to be produced pursuant to this subpoena has been destroyed, identify with respect to each such document the:

    a. Date destroyed;
    b. Method of destruction;
    c. Reason for destruction;
    d. Person or person(s) who authorized the destruction; and
    e. Subject matter of the document destroyed.

**B. DOCUMENTS TO BE PRODUCED**

 1. Documents reflecting the names, addresses, and telephone numbers of each owner, corporate officer, and manager of Forge Industrial Staffing.

 2. Documents reflecting the ownership interest (percentage of ownership) of each owner of Forge Industrial Staffing.

 3. Documents identifying all branches and establishments, controlled by, or operating with Forge Industrial Staffing

 4. Forge Industrial Staffing's company organizational chart.

 5. Documents relating to the business structure of Forge Industrial Staffing, including articles of incorporation, partnership records, membership records, and corporate filings with the Secretary of State.

 6. All federal and state income tax forms submitted and signed by or on behalf of Forge Industrial Staffing, including all schedules, attachments, and worksheets.

 7. Documents – including monthly, quarterly, and annual records – stating the annual gross dollar volume of sales made or business done, or total volume of goods purchased or received, by Forge Industrial Staffing

 8. Documents reflecting the full name, last known addresses, and telephone numbers of each worker performing work for Forge Industrial Staffing.

 9. Documents reflecting the dates of birth of each worker who was under the age of 18 during the time period described in Section A, Paragraph 8 of this Attachment.

 10. All documents stating the job descriptions, duties, and occupations of Forge Industrial Staffing's workers.

11. Documents relating to workers treated as exempt from the minimum wage or overtime wage requirements under the Fair Labor Standards Act of 1938, as Amended, 29 U.S.C. § 201 *et seq.*

12. All contracts and agreements between Forge Industrial Staffing and workers who Forge Industrial Staffing considers to be independent contractors or subcontractors.

13. All W-2 Forms and/or 1099 Forms distributed by Forge Industrial Staffing to workers.

14. All documents reflecting the rate of pay per worker, per pay period and any changes made to the rate of pay and applicable date(s) of the rate of pay by indicating the monetary amount paid on a per hour, per day, per week, per piece, commission on sales, or other basis for each worker.

15. All documents reflecting the total gross wages paid per pay period for each worker, including payroll records, payroll ledgers, payroll journals, pay stubs, and check stubs.

16. All documents relating to cash payments to workers.

17. All documents reflecting schedules of work for workers.

18. Documents reflecting each worker's starting and ending time and day for each workweek. If the worker was part of a workforce or employed in or by an establishment whose workers have a workweek beginning at the same time on the same day, a single document noting the time of day and beginning day of the workweek for the whole workforce or establishment will suffice.

19. All documents reflecting the hours worked each workday and total hours worked by workers each workweek, including timesheets, time cards, logs, journals, and diaries.

20. All documents reflecting the total daily or weekly regular earnings or wages due for hours worked during each workday or workweek for each worker.

21. All documents reflecting additions to, or deductions from, wages paid each pay period to each worker.

22. A complete listing of all client's names and addresses of the facilities for which Forge Industrial Staffing provides labor on a day laborer, temporary labor, contract or permanent labor basis.

23. A copy of all client contracts between Forge Industrial Staffing and employer utilizing its services to provide labor on a day laborer, temporary labor, contract or permanent labor basis.

24. All of Forge Industrial Staffing's employment policies and procedures related to compensation paid to workers and hours worked (or pieces completed) by workers, including

supervisory procedures, recordkeeping procedures, compensation policies, disciplinary policies, and employee handbooks.

      25. All documents reflecting identification for workers, including but not limited to employee photos and electronic employee data.

      26. All documents, including but not limited to, electronic communications pertaining to the recruitment and hiring process, employment applications, and emergency contact for each worker.

## RETURN OF SERVICE

I hereby certify that I served the subpoena directed to _____ on _____ by:

☐ hand delivering it to _____;

☐ hand-delivering it to _____, who is: _____; is an individual of suitable age and discretion; and resides at _____'s residence.

☐ hand-delivering it to _____, who is an officer, managing agent, general agent, or other agent authorized by appointment or law to accept service of process on behalf of _____ and by mailing a copy of the subpoena to _____.

☐ other: _____.

_____
(Signature)

_____
(Name of person serving the subpoena)

_____
(Official Title)

_____
(Date)

# Exhibit 2

## RETURN OF SERVICE

I hereby certify that I served the subpoena directed to __Kimberly Clarke__ on __03/21/23__ by: __Forge Industrial Staffing__

☑ hand delivering it to __Kimberly Clarke__ ;

☐ hand-delivering it to _____, who is: _____ ; is an individual of suitable age and discretion; and resides at _____ 's residence.

☐ hand-delivering it to _____, who is an officer, managing agent, general agent, or other agent authorized by appointment or law to accept service of process on behalf of _____ and by mailing a copy of the subpoena to _____.

☑ other: __Electronically provided via email__ .

_____
(Signature)

__Justin Kohold__
(Name of person serving the subpoena)

__Planning and Reporting Officer__
(Official Title)

__03/21/23__
(Date)