# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| JULIE A. SU, Acting Secretary of Labor, United States Department of Labor, | |
| Petitioner, | |
| v. | Case Number: |
| | U.S. District Judge: |
| FORGE INDUSTRIAL STAFFING, INC., | Magistrate Judge: |
| Respondent. | |

## MEMORANDUM IN SUPPORT OF SECRETARY OF LABOR'S PETITION TO ENFORCE ADMINISTRATIVE SUBPOENAS *DUCES TECUM*

Petitioner Julie A. Su, Acting Secretary of Labor, United States Department of Labor ("Secretary" or "Department"), by counsel, submits this Memorandum in Support of his Petition to Enforce Administrative subpoenas *duces tecum* duly served on **FORGE INDUSTRIAL STAFFING, INC.** ("Respondent" or "Forge"). Copies of the subpoenas and proof of service are attached as exhibits to the Declarations of Fernando Hernandez and Justin Uphold.

This case presents the question of whether a company being investigated by the U.S. Department of Labor's Wage and Hour Division ("Wage and Hour Division") for compliance with the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. ("FLSA" or "Act"), has the authority to limit the investigation as it sees fit. The FLSA and binding court precedent require this Court to find the Secretary has the statutory authority to direct his own investigation.

In brief, Forge is a for-profit Michigan corporation that provides staffing services to industrial companies. On March 21, 2023, the Wage and Hour Division opened an investigation of Forge to determine the company's compliance with the FLSA, and simultaneously served subpoenas *duces tecum* on Forge. One subpoena was directed at Respondent's operations in Michigan ("Michigan Subpoena"). *See* Ex. 1 to Declaration of Justin Uphold. The other subpoena

was directed at Respondent's operations in Indiana ("Indiana Subpoena"). *See* Ex. 1 to Declaration of Fernando Hernandez. The subpoenas *duces tecum* requested, among other things, payroll records, employee work schedules, employee time records, and client names, addresses, and contracts for facilities where Forge provides labor services. *See id.*.

Forge, through its counsel, on March 28, 2023, initially provided responsive documents for Michigan locations, without providing any client information. *Id.*, at ¶ 8. Forge supplemented its response to include the same responsive information with respect to Forge's Indiana locations on May 1, 2023. *See* attached Declaration of Rina Russo, at ¶ 7. During multiple communications with Forge's counsel over a period of several weeks, Forge has refused to produce documents responsive to Requests 22 and 23 of the subpoenas, specifically: a complete listing of all clients' names and addresses of the facilities for which Forge Industrial Staffing provides labor on a day laborer, temporary labor, contract or permanent labor basis and a copy of all client contracts between Forge Industrial Staffing and employers utilizing its services to provide labor on a day laborer, temporary labor, contract or permanent labor basis. *Id.*, at ¶¶ 8-9.

The Department's subpoenas satisfy the applicable criteria established by the Supreme Court and applied by the Sixth Circuit for a valid and enforceable administrative subpoena. Accordingly, the Secretary seeks enforcement of the subpoenas through an order from this Court requiring full compliance with the Secretary's subpoenas, including but not limited to ordering Respondent to produce the requested documents no later than 15 days after the issuance of the Order and requiring Respondent to pay for costs, fees, and expenses associated with this litigation.

**I.      Background Facts Relevant to Secretary's Petition**

On March 21, 2023, the Wage and Hour Division initiated an investigation into the wage and hour and child labor practices of Forge. Hernandez Decl., ¶ 2. On the same day, the Wage

and Hour Division served two subpoenas *duces tecum* to Forge – one directed at Forge's Indiana operations and one directed at Forge's Michigan operations. Hernandez Decl., ¶ 6, Exs. 1, 2; Uphold Decl., ¶ 6, Exs. 1, 2. Forge was required to produce all documents listed and described in the attachment to the subpoenas by March 28, 2023, at 10:00 a.m. Hernandez Decl., ¶ 7; Uphold Decl., ¶ 7.

On March 28, 2023, Forge's counsel provided the initial document production (which provided documents only with respect to Forge's Michigan operations), and a written response to the Indiana Subpoena, which contained several objections. Hernandez Decl., ¶ 8, Ex. 3. The response indicated that, while objecting to the requests, it would provide responsive documents to all requests but requests 22 and 23. *Id.* Specifically, Forge refused to provide a complete listing of all client's names and addresses of the facilities for which Forge Industrial Staffing provides labor on a day laborer, temporary labor, contract or permanent labor basis and a copy of all client contracts between Forge Industrial Staffing and employers utilizing its services to provide labor on a day laborer, temporary labor, contract or permanent labor basis. Russo Decl., ¶ 6.

In order to achieve full compliance with the subpoenas, the Wage and Hour Division's counsel spoke with Forge's attorney, Brion Doyle ("Mr. Doyle"), on the following dates: April 10, 2023; April 13, 2023; April 24, 2023; and May 11, 2023. *Id.*, at ¶ 7. During the call on April 10, 2023, counsel discussed when Forge would provide a response to the Indiana Subpoena. *Id.* Mr. Doyle said he would discuss with Forge, but that Forge would not produce the information sought in requests 22 and 23. *Id.* The Wage and Hour Division's counsel suggested that Forge provide only work locations as a compromise, and not the remaining information requested under the requests 22 and 23. *Id.* During the call on April 13, 2023, Mr. Doyle indicated that Forge would respond to all requests under the subpoenas except requests 22 and 23. *Id.* On April 24, 2023,

3

after still not receiving any of the information, the Wage and Hour Division's counsel asked Mr. Doyle when Forge would provide the response. *Id.* Mr. Doyle did not provide the Wage and Hour Division's counsel a firm date but said that the response would be provided soon. *Id.* On May 1, 2023, Forge provided documents responsive to all requests related to the Indiana Subpoena except requests 22 and 23. *Id.* On May 11, 2023, the Wage and Hour Division's counsel had another call with Mr. Doyle where he was asked to consult with his client one more time about providing information responsive to requests 22 and 23. *Id.* He indicated he would provide a response the following week. *Id.*

As of the date of this filing, Petitioner and its counsel have received no further response from Mr. Doyle, and Forge has not provided the outstanding documents. *Id.*, at ¶ 8; Hernandez Decl., ¶ 9; Uphold Decl., ¶ 8.

## II. The Secretary Is Authorized by Statute to Issue Subpoenas in Order to Investigate Compliance with the FLSA and May Enforce Such Subpoenas in Federal Court

In support of the Secretary's enforcement duties, the FLSA grants the Secretary subpoena power, providing:

> For the purpose of any hearing or investigation provided for in this chapter, the provisions of section 49 and 50 of Title 15 (relating to the attendance of witnesses and the production of books, papers and documents), are made applicable to the jurisdiction, powers, and duties of the Administrator, the Secretary of Labor, and the industry committees.

29 U.S.C. § 209.[1] Subpoenas issued under the FLSA are enforceable in federal court. *See* 15 U.S.C. § 49 (providing that if the subject of an agency subpoena disobeys that subpoena, the

---

[1] The Federal Trade Commission Act, 15 U.S.C. § 49, provides in pertinent part:

> [T]he Commission shall have power to require by subpoena the attendance and testimony of witnesses and the production of all such documentary evidence relating to any matter under investigation. . . . [I]n case of disobedience to a subpoena the Commission may invoke the aid of

4

agency "may invoke the aid of any court of the United States in requiring the attendance and testimony of witnesses and the production of documentary evidence"); *see also Donovan v. Mehlenbacher*, 652 F.2d 228, 230 (2d Cir. 1981) ("[T]he Department of Labor clearly has the power to issue subpoenas in the course of an investigation conducted under statutory authority, and to have those subpoenas enforced by federal courts") (citing *Okla. Press Publ'g Co. v. Walling*, 327 U.S. 186, 200-01 (1946)).

The Sixth Circuit has noted, "[A] district court's role in the enforcement of an administrative subpoena is a limited one." *United States v. Markwood*, 48 F.3d 969, 976 (6th Cir. 1995). Therefore, "the scope of the issues which may be litigated in an enforcement proceeding must be narrow, because of the important governmental interest in the expeditious investigation of possible unlawful activity." *Id.* at 979 (quoting *FTC v. Texaco, Inc.*, 555 F.2d 862, 872-73 (D.C. Cir. 1977)). The Secretary's subpoenas are properly enforced if (1) the subpoenas satisfy the terms of its authorizing statute; (2) the requested materials are relevant to the investigation; (3) the information sought is not already in the Secretary's possession; and (4) enforcing the subpoenas will not constitute an abuse of the court's process. *Doe v. United States*, 253 F.3d 256, 265 (6th Cir. 2001); *Solis v. PulteGroup, Inc.*, No. 12-50286, 2013 WL 4482978, at *3 (E.D. Mich. Aug. 19, 2013). "The Secretary bears the burden of satisfying the first three prongs of the test, while the respondent carries the burden of demonstrating that enforcement of the subpoena will constitute an abuse of process." *PulteGroup*, 2013 WL 4482978, at *3 (finding that to demonstrate an abuse of process, respondent bears the burden of proving the subpoena was issued for an improper purpose). "[A]ffidavits of government officials have been accepted as sufficient to make out a *prima facie* showing that these requirements are satisfied." *United States v. Comley*, 890

---

any court of the United States in requiring the attendance and testimony of witnesses and the production of documentary evidence.

5

F.2d 539, 541 (1st Cir. 1989). The Secretary's subpoenas satisfy all the requirements for enforcement, and Respondent cannot meet its burden to show enforcement would be improper.

### A. The Subpoenas Satisfy the Terms of the Authorizing Statute

The subpoenas have been issued in furtherance of the Secretary's investigation into Forge's compliance with the FLSA. The Act grants the Secretary broad investigatory powers to determine compliance with its provisions. Section 11(a) gives the Secretary or her designee, the Wage and Hour Division, authority to investigate and gather data regarding "wages, hours, and other conditions and practices of employment in any industry subject to this chapter." 29 U.S.C. § 211(a). It also empowers the Secretary to enter and inspect such places and records as she may deem appropriate to determine whether any person has violated the Act. *Id.* Section 11(c) of the Act further requires employers to make, keep and preserve certain records as prescribed by the Secretary. *Id.* § 211(c).

Here, the Secretary has plainly acted pursuant to the investigative authority described above. The purpose of the subpoenas and the investigation into Forge is to determine whether Forge, along with any person or entity acting as an "employer" with Forge, is in compliance with the minimum wage, overtime, child labor, and recordkeeping provisions of the FLSA. A showing of probable cause, or even reasonable cause, of violations is not necessary for documents to be within an agency's subpoena power. *See United States v. Morton Salt Co.*, 338 U.S. 632, 642-43 (1950). "'[T]he Secretary may investigate on mere suspicion that the law is being violated or even just because she wants assurance that it is not,' and she has 'no obligation to justify the merit of her investigation as a prerequisite to enforcement of administrative subpoenas.'" *PulteGroup*, 2013 WL 4482978 at *3 (citation omitted).

In sum, the Wage and Hour Division is statutorily empowered to determine whether Forge is, and has been, in compliance with the FLSA, and requesting the documents at issue in the subpoenas is a suitable manner in which to make that determination. As Respondent is a staffing agency, its employees work at the facilities of Respondent's clients. The Wage and Hour Division needs information about client names, work locations and contracts to conduct on-site interviews of employees to determine compliance with the FLSA. Further, Forge's clients are also potentially subject to the FLSA as joint employers, and information regarding their identities and contractual relationships with Respondent is relevant to the Wage and Hour Division's investigation of FLSA compliance. Such information would allow investigation into the client's compliance with the FLSA and determine whether they have violated the Act.

> **B.     The Information the Secretary Seeks is Relevant to the Secretary's Investigation**

Relevance in enforcement proceedings must be construed broadly. *Doe*, 253 F.3d at 266. Records are reasonably relevant if the information is relevant to any inquiry that the Secretary is authorized to undertake. *See Dole v. Trinity Indus., Inc.*, 904 F.2d 867, 874 (3d Cir. 1990). "[T]he district court defers to 'the agency's appraisal of relevancy, which must be accepted so long as it is not obviously wrong.'" *NLRB v. Champagne Drywall, Inc.*, 502 F. Supp. 2d 179, 182 (D. Mass. 2007) (*quoting NLRB v. Am. Med. Response, Inc.*, 438 F.3d 188, 193 (2d Cir. 2006). *See also Resol. Tr. Corp. v. Walde*, 18 F.3d 943, 946 (D.C. Cir. 1994) (finding that a court should defer to an agency's relevance determination so long as it is not obviously wrong).

Here, the subpoenas seek documents relevant to the Secretary's investigation of Forge's compliance with the FLSA's minimum wage, overtime, child labor, and record-keeping provisions. Forge provided documents responsive to all requests except for the requests seeking a complete listing of all client's names and addresses of the facilities for which Forge Industrial

Staffing provides labor on a day laborer, temporary labor, contract or permanent labor basis and a copy of all client contracts between Forge Industrial Staffing and employers utilizing its services to provide labor on a day laborer, temporary labor, contract or permanent labor basis. It is essential that the Secretary be given Forge's clients' addresses so she can conduct on-site interviews with workers in order to investigate potential child labor violations. Further, the Wage and Hour Division must determine all the "employers" in relation to the "employees." *See* 29 U.S.C. 203(d) ("'Employer' includes any person acting directly or indirectly in the interest of an employer in relation to an employee. . . ."). Therefore, the Wage and Hour Division needs information requested by the subpoenas related to Forge's clients, as those entities may also be employers under the Act.

While this explanation of determinations to be made during the Secretary's investigation is not meant to be exhaustive, these illustrative determinations indicate that the information the Secretary seeks – and that is being hidden by Respondent – is directly relevant to the Secretary's investigation.

### C. The Information Sought Is Not Within the Agency's Possession

The Secretary seeks only information that she has not yet obtained from Respondent. The Secretary does not have Forge's clients' names and addresses of the facilities for which Forge provides labor on a day laborer, temporary labor, contract or permanent labor basis. Nor does the Secretary have all client contracts between Forge and employers utilizing its services to provide labor on a day laborer, temporary labor, contract or permanent labor basis. Respondent is the best source of this information.

### D. The Secretary's Demand Is Not Improper

As explained above, once the Secretary demonstrates that the requirements for enforcement of the administrative subpoenas has been met, the burden shifts to Respondent to show the information requested is unreasonable, improper, or unnecessarily burdensome. In general, the Sixth Circuit has noted it is a "heavy" burden to demonstrate an abuse of process. *Doe*, 253 F.3d at 272. An assertion of abuse of process "may not be based on the improper motives of an individual agency employee, but instead must be founded upon evidence that the agency itself, in an institutional sense, acted in bad faith when it served the subpoena." *Id.* Examples of impropriety are limited to situations such as harassing a taxpayer or putting pressure on it to settle a collateral dispute, "or for any other purpose reflecting on the good faith of the particular investigation." *United States v. Powell*, 379 U.S. 48, 58 (1964). Absent such circumstances, "it is not the court's role to intrude into the investigative agency's function." *SEC v. Howatt*, 525 F.2d 226, 229 (1st Cir. 1975).

The subpoenas properly request records directly related to the Wage and Hour Division's investigation into the employment practices of Forge. Accordingly, Respondent cannot point to unreasonableness, impropriety, or unnecessary burden as reasons that the Court should not enforce the subpoenas.

## III. An Order to Enforce Is Necessary to Prevent a Lapse in the Statute of Limitations

The FLSA has a two-year statute of limitations, which is extended to three years in the case of willful violations. 29 U.S.C. § 255. Violations accrue on a workweek basis. An order to enforce the subpoena is necessary to prevent a lapse of the statute of limitations. The ongoing failure of Respondent to provide subpoenaed documents could render a portion of the investigative period barred by the statute of limitations. The unwillingness of Respondent to produce the

requested information is actively interfering with the Secretary's investigation. Hernandez Decl., ¶ 10; Uphold Decl., ¶ 9.

Without an order from this Court compelling compliance with the subpoenas, Respondent will be able to continue to interfere with the Secretary's investigation. *See Wall v. Constr. & Gen. Laborers' Union, Loc. 230*, 224 F.3d 168, 176 (2d Cir. 2000) ("a defendant may be equitably estopped from asserting the statute of limitations 'in cases where the plaintiff knew of the existence of his cause of action but the defendant's conduct caused [the plaintiff] to delay in bringing his lawsuit'") (quoting *Cerbone v. Int'l Ladies' Garment Workers' Union,* 768 F.2d 45, 50 (2d Cir. 1985)). Therefore, to mitigate the effect of Respondent's actions on the investigation, the Secretary respectfully requests an order requiring compliance with the subpoenas and tolling the applicable statute of limitations from March 28, 2023, the original production due date for the subpoenas, until such time as Respondent has fully complied with the subpoenas. *See EEOC v. O'Grady*, 857 F.2d 383, 393 (7th Cir. 1988) (affirming that tolling was appropriate when "defendants had actively concealed information necessary to a viable court action"); *Domenech-Rodriguez v. Banco Popular De Puerto Rico*, 151 F. Supp. 3d 228, 233 (D.P.R. 2015) (noting in Title VII case that tolling may be warranted when defendant's affirmative misconduct lulls a plaintiff into inaction).

### IV.    Conclusion

The subpoenas *duces tecum* issued to Respondent by the Wage and Hour Division are procedurally sound and seek relevant material not already in the Secretary's possession. Further, compliance will not be unreasonable, improper, or unnecessarily burdensome. The Secretary respectfully requests that the Court grant the Secretary's petition for an order compelling Respondent to fully comply with the subpoenas, including but not limited to ordering Respondent

to inform the Secretary and the Court that it will fully comply with the Secretary's Subpoenas *Duces Tecum* within 10 days of the date of the Order; requiring Respondent to provide the subpoenaed documents within 15 days of the date of the Order; and tolling the statute of limitations from March 28, 2023, the date Respondent failed to fully comply with the subpoenas, until such date as the Secretary informs the Court that Respondent has complied in full. The Secretary further requests that this Court issue an order directing Respondent to pay all costs, expenses, and fees incurred by the Secretary in this matter, including but not limited to the market rate for the time the undersigned spent preparing the Petition and the travel costs incurred by the Secretary enforcing the Petition.

Respectfully submitted,

**SEEMA NANDA**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

**LEAH A. WILLIAMS**
Associate Regional Solicitor

*/s/Kenneth M. Rock*
**KENNETH M. ROCK**
Trial Attorney

Attorney for Petitioner,
Julie A. Su**,** Acting Secretary of Labor
U.S. Department of Labor
Office of the Solicitor
881 Federal Office Building
1240 East Ninth Street
Cleveland, Ohio 44199
Telephone: (216) 357-5392
Fax: (216) 522-7172
E-mail: rock.kenneth.m@dol.gov

**LOCAL COUNSEL:**

MARK A. TOTTEN
United States Attorney

s/ *Ryan D. Cobb*
RYAN D. COBB (P64773)
Assistant United States Attorney
Post Office Box 208
Grand Rapids, Michigan 49501-0208
(616) 456-2404
Ryan.Cobb@usdoj.gov