UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JULIE A. SU, ACTING SECRETARY OF LABOR    )
UNITED STATES DEPARTMENT OF LABOR,    )
        Petitioner,    )
        )    No. 1:23-mc-66
v.    )
        )    Honorable Paul L. Maloney
FORGE INDUSTRIAL STAFFING, INC.,    )
        Respondent.    )
_____)

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the court on the Acting Secretary of the Department of Labor's ("DOL") petition to enforce two administrative subpoenas duces tecum issued to Forge Industrial Staffing, Inc. ("Forge"). (ECF No. 1). Judge Green issued a report and recommendation ("R&R"). (ECF No. 22). Forge filed objections to the R&R. (ECF No. 25). The DOL filed a response to Forge's objections. (ECF No. 26). Forge filed a notice of supplemental authority, (ECF No. 27) and the DOL filed a response. (ECF No. 28). The court will largely adopt the report and recommendation over Forge's objections.

## I.

The DOL initiated an investigation of Forge to determine if it is covered by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and whether Forge is in compliance with the FLSA. (ECF No. 1-1 at PageID.7). Forge is a staffing agency that provides workers to various clients in several states. (*Id.* at PageID.7-8). The DOL seeks records related to the names and addresses of Forge's clients, together with copies of its client contacts. Forge opposes the subpoenas and this petition.

The court will adopt the facts as recited in the R&R. The DOL served two subpoenas on Forge: one regarding its Michigan operations and one regarding its Indiana operations. (*Id.* at PageID.8, 11-15, 20-21, 24-28). The subpoenas sought 26 categories of documents. Forge complied with 24 of those requests.

Forge contests two categories from the subpoenas, which include (1) "A complete listing of all client's names and addresses of the facilities for which Forge . . . provides labor on a day laborer, temporary labor, contract or permanent labor basis"; and (2) "[a] copy of all client contracts between Forge . . . and employer utilizing its services to provide labor on a day laborer, temporary labor, contract or permanent basis." (ECF No. 1-1 at PageID.14; ECF No. 1-2 at PageID.27). After Forge failed to comply with the DOL's complete request, the DOL bought this action.

The R&R recommends that the DOL's petition be granted and that Forge should be ordered to produce its documents within 21 days of the order. The R&R recommends that the court toll the statute of limitations from March 28, 2023. Finally, the R&R recommends that Forge should bear the costs associated with this petition.

## II.

After being served with a report and recommendation issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de

novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

## III.

A district court's role in the enforcement of an administrative subpoena is a limited one. *United States v. Markwood*, 48 F.3d 969, 976 (6th Cir. 1995). "All the district court must do in deciding whether to enforce an administrative subpoena is 1) determine whether the administrative agency to which Congress has granted the subpoena power . . . has satisfied the statutory prerequisites to issuing and enforcing the subpoena, and 2) determine whether the agency has satisfied the judicially created standards for enforcing administrative subpoenas." *Doe v. United States*, 253 F.3d 256, 262 (6th Cir. 2001). "An agency's request for documents should be approved by the judiciary so long as it 'is within the authority of the agency, the demand is not too indefinite and the information sought is reasonably relevant.'" *Id.* at 263 (quoting *United States v. Powell*, 379 U.S. 48 (1964)). An agency abuses the court's process if it acts for an improper purpose, such as to harass the entity or to apply pressure on a collateral dispute. *Doe*, 253 F.3d at 263. "In other words, the agency request must be reasonable." *Id.*

For an agency to enforce its subpoena, it need not show "probable cause." *Id.* Rather, (1) the investigation must "be conducted pursuant to a legitimate purpose," (2) the inquiry must be relevant to that purpose, (3) the information sought must not already be in the agency's possession, and (4) the administrative steps required by the relevant statute must have been followed. *Id.*

Forge raises six objections to the R&R. (ECF No. 25). In those objections, it also requests that if this court accepts the R&R, it should stay its order pending Forge's appeal. And Forge protests the R&R's award of fees. Forge's objections are sufficiently specific to warrant a de novo review.

## A.  The Relevancy Analysis

Forge argues that the R&R applied too low a standard when reviewing the DOL's reasonableness. In its view, "federal agencies get unfettered access to any document in the possession of a private actor so long as they make up even a pretextual reason that the document falls within the scope of *any* statutory power they possess." (ECF No. 25 at PageID.230).

Hyperbole aside, "relevance should be construed broadly," *Doe*, 253 F.3d at 266, and on this point, the R&R applied the correct relevancy standard. Forge is really asking for a probable cause level showing from the DOL when it comes to the DOL's relevancy burden. And that request has consistently been rejected. *Id.* ("[W]e hold that the DOJ need not make a showing of probable cause to issue an administrative subpoena under 18 U.S.C. § 3486); *In re Subpoena Duces Tecum*, 228 F.3d 341, 348 (4th Cir. 2000) (explaining the differences between warrants and subpoenas). In the grand jury context, the Supreme Court has said "the Government cannot be required to justify the issuance of a grand jury subpoena by presenting evidence sufficient to establish probable cause because the very purpose of requesting the information is to ascertain whether probable cause exists." *United States v. R. Enters, Inc.*, 498 U.S. 292, 297 (1991). The bar here is not high.

4

The information sought by the DOL is also relevant to a potential FLSA investigation. As observed in the R&R, Forge is a staffing agency. Forge's client lists are relevant to whether any of Forge's clients fall within the statutory definition of "employer" under the FLSA. Whether an entity is an "employer" or "enterprise" under the FLSA is a bedrock determination for many FLSA enforcement actions.

Forge also argues that compliance with the subpoenas would be unduly burdensome, and it says doing so could shutter its doors. The R&R limited its burden analysis to those contemplated under Rule 26(b)(1). Under Rule 26(b)(1), the analysis is whether the burden or expense of the proposed discovery outweighs its likely benefit. (ECF No. 22 at PageID.208). Under this standard, the R&R did not weigh Forge's potential economic fallout when assessing its burden in complying with the subpoenas.

The R&R correctly did not weigh Forge's projected economic troubles when assessing the burden associated with subpoena compliance. Forge cites out of circuit precedent indicating that disrupting normal business operations is a factor for courts to consider. (ECF No. 25 at PageID.234). But all of Forge's precedent predates *Doe*, which speaks clearly to the proper burden analysis: the harm to be weighed is the "burden of [the document's] production." *Doe*, 253 F.3d at 268.

Moreover, these issues stem from the potential enforcement of the FLSA, which was remedial in nature and passed with labor protections in mind. *See* 29 U.S.C. § 202; *Moran v. Al Basit LLC*, 788 F.3d 201, 204 (6th Cir. 2015). Weighing Forge's potential economic harm in determining whether an FLSA based subpoena is proper would seem to run counter to the purpose and efficacy of the FLSA itself. *See Oklahoma Press Pub. Co. v. Walling*,

327 U.S. 186, 196 (1946) (discussing congressional intent and rejecting "a total immunity to the FLSA's provisions"). And this court's key function is to ensure the agency is operating within the purviews of the governing statute. *Doe*, 253 F.3d at 262. In this regard, Forge's argument is an odd fit in this context. Weighing a business's economic harm in this context would also be beyond this court's limited role in subpoena enforcement review. *Markwood*, 48 F.3d at 976. Importantly, Forge does not allege bad faith, coercion, or harassment on the DOL's part. *Doe*, 253 F.3d at 263. Some of the DOL's opaque maneuvering here, especially when Forge avers this matter was near settled, may raise some eyebrows. But that alone does make the DOL's subpoenas unreasonable. Afterall, investigations can change over time.

## B.  The DOL's Possession of the Information

The R&R concluded that the DOL does not have the information it seeks from Forge. The R&R rejected Forge's argument that the DOL *could* obtain the information by questioning workers "to determine joint-employer status in connection with any work assignment." (ECF No. 15, PageID.98-99). Forge does not raise any new arguments or explain why the R&R was incorrect. For the DOL to conduct additional interviews, the DOL would have to sift through contact information for thousands of employees. The information sought is not readily or easily accessible. The R&R did not err on this point.

## C.  Abuse of the Judicial Process

Forge argues that the subpoenas are an abuse of the judicial process because, in its view, the subpoenas are unreasonable. This argument is duplicative of Forge's burden to produce argument, and it is equally unavailing.

### D.  Forge's Request for Restrictions

Forge argues that the R&R erred when the court did not rewrite the subpoenas. Specifically, Forge asks that to "avoid harm to Forge and to its clients, the [DOL] should be precluded from interviewing Forge workers on site at client locations given the adequate alternate means of obtaining those interviews." (ECF No. 25 at PageID.239). Forge's request is beyond the scope of this court's role. *Markwood*, 48 F.3d at 976. It was no error for the R&R not to address Forge's request.

### E.  Stay Pending Appeal

Forge requests that this court stay its decision pending its forthcoming appeal. Courts consider four factors: "(1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay." *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991). These four considerations are balanced together. *Id.*

Although Forge's request is not yet proper, the court will decline it now anyway. *See* W.D. Mich. LCivR 7.1. The court is not convinced that Forge has a likelihood of prevailing on the merits, meaning that it is improbable that the circuit would expand the current subpoena enforcement jurisprudence to account for potential economic harms to a business. As the DOL points outs, Forge could not cite any pointed authority in support for its view, and Forge itself acknowledged as much in a footnote. And as explained above, Forge's financial burden argument is a poor fit in this context. Finally, not every novel legal argument

seeking to change the law warrants a stay. Forge did not demonstrate more than the mere "possibility" of success on the merits.

As for an irreparable injury, Forge again raises its prospective business losses. To weigh whether a litigant faces an irreparable injury warranting a stay, courts "generally look to three factors: (1) the substantiality of the injury alleged; (2) the likelihood of its occurrence; and (3) the adequacy of the proof provided." *Michigan Coal. of Radioactive Material Users, Inc.*, 945 F.2d at 154. "Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough." *Sampson v. Murray*, 415 U.S. 61, 90 (1974).

The harm Forge faces is not irreparable. Forge submitted a declaration by Brian Oele, Forge's Director of Risk Management and Human Resources. (ECF No. 15-1). He says that Forge has lost 17 clients and approximately $9.5 million in annual revenue following the February 25, 2023 New York Times article regarding Forge. (*Id.* at PageID.106-07). It seems that the damage has already been done, and considerable time has passed since the article's publication. Further, Forge does not explain how providing its client information will add to its previous losses. Regarding the last two factors, the DOL's interest in enforcing the FLSA mirrors the public's interest; these two factors also do not favor a stay.

F.    Fee and Cost Award

Forge contests the R&R's award of fees and costs. On this issue, the court agrees with Forge. The R&R did not specify why it awarded fees and costs and it did not cite to any authority. (ECF No. 22 at PageID.211). It is unclear whether Federal Rule of Civil Procedure 37(a)(5), a discovery sanction provision, applies to subpoena enforcement actions, but the

court will apply the "substantially justified" standard here. Forge has not engaged in any sanctionable conduct or brought frivolous challenges to the DOL's subpoenas. The court notes that Forge has largely complied with the DOL's investigation.

G. Forge's Notice of Authority

Forge filed a notice of supplemental authority concerning *Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244, 2254 (2024). (ECF No. 27). In *Loper*, the Supreme Court overturned the *Chevron* doctrine and held that courts will no longer defer to permissible agency interpretations of statutes. *Loper Bright Enters.*, 144 S. Ct. at 2273. While Forge argues otherwise, The R&R did not defer to the DOL's interpretation of a statute or engage in any statutory interpretation. Judge Green did note that Forge did not dispute that the subpoenas satisfy the terms of the authorizing statute. (ECF No. 22 at PageID.205-06).

In fairness to Forge, *Loper Bright's* broadest effects are still unknown. But when it comes to an agency's subpoena enforcement, the relevant governing statute controls, not the Administrative Procedure Act. *Doe*, 253 F.3d at 262. Additionally, subpoena enforcement jurisprudence predates *Chevron* by several decades. *See Endicott Johnson Corp. v. Perkins*, 317 U.S. 501, 509 (1943) ("The evidence sought by the subpoena was not plainly incompetent or irrelevant to any lawful purpose of the Secretary in the discharge of her duties under the Act, and it was the duty of the District Court to order its production for the Secretary's consideration."). *Loper Bright* seems inapposite here because it is not clear that the axe to *Chevron* also cut through the subpoena enforcement jurisprudence.

## IV.

The court has reviewed the report and recommendation, file, and briefs. The court will adopt the report and recommendation in full except for the award of costs and fees.

**IT IS HEREBY ORDERED** that the report and recommendation (ECF No. 22) is **ADOPTED** in part by the court.

**IT IS FURTHER ORDERED** that the petition to enforce administrative subpoenas (ECF No. 1) is **GRANTED** as modified by the R&R.

**IT IS SO ORDERED.**

Date:   November 19, 2024                                    /s/ Paul L. Maloney
                                                            Paul L. Maloney
                                                            United States District Judge